**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **V&S RAILWAY, LLC,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 08-1402-WEB |
| ) | |
| **HUTCHINSON SALT COMPANY, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## **MEMORANDUM AND ORDER**

This matter is before the court on plaintiff's motion to amend its complaint to add a claim for "easement by necessity." (Doc. 55).[1] For the reasons set forth below, the motion shall be GRANTED.

## **Background**

This is a dispute concerning approximately five miles of railroad line in Hutchinson, Kansas. Plaintiff seeks (1) to quiet title to a railroad right of way and personal property, (2) recognition of an easement by adverse possession, (3) ejectment, and (4) recovery of lost profits. Highly summarized, plaintiff contends that a portion of the railroad was built on land

---
[1] Plaintiff titled its request as a "Motion to Determine That it May Pursue a Claim for Easement by Necessity as a Matter of Law or, Alternatively, for Leave to File a Supplemental Complaint." Notwithstanding this lengthy caption, plaintiff merely seeks leave to amend its complaint.

(Parcel 1) pursuant to an easement granted in 1925. Portions of the track are also on land (Parcel 10) that was not covered by the 1925 easement. With respect to Parcel 10, plaintiff alleges an easement by adverse possession.

As noted above, plaintiff moves to amend its complaint to add an alternative theory of "easement by necessity" concerning Parcel 10. Defendants oppose the motion, arguing that the proposed amendment is futile and untimely.

**Analysis**

The standard for permitting a party to amend his complaint is well established. Without an opposing party's consent, a party may amend his pleading only by leave of the court. Fed. R. Civ. P. 15(a).[2] Although such leave to amend "shall be freely given when justice so requires," whether to grant leave is within the court's discretion. Panis v. Mission Hills Bank, 60 F.3d 1486, 1494 (10th Cir. 1995)(citing Woolsey v. Marion Labs., Inc., 934 F. 2d 1452, 1462 (10th Cir. 1991)). In exercising its discretion, the court must be "mindful of the spirit of the federal rules of civil procedure to encourage decisions on the merits rather than on mere technicalities." Koch v. Koch Industries, 127 F.R.D. 206, 209 (D. Kan. 1989). The court considers a number of factors in deciding whether to allow an amendment, including timeliness, prejudice to the other party, bad faith, and futility of amendment. Hom v. Squire, 81 F.3d 969, 973 (10th Cir. 1996).

---

[2] A party may amend its pleading once as a matter of course before a responsive pleading is filed. The time for amending "as a matter of course" is long past.

**Futile**

Defendants argue that the proposed amendment is futile because plaintiff owns the real estate immediately west of Parcel 10; therefore, an easement across Parcel 10 is not "necessary" for plaintiff to access Parcel 1. The problem with defendants' futility argument is that defendants base their legal arguments on facts that are not reflected in the pleadings. Because defendants rely on unsupported factual allegations which are not reflected in the pleadings, defendants have failed to carry their burden of showing that the proposed amendment is futile.[3]

**Untimely**

Defendants also argue the proposed amendment is untimely because plaintiff filed its motion on September 2, 2009, after the April 10, 2009 deadline for amendments to the pleadings. Plaintiff counters that facts were discovered during Max Liby's July 1, 2009 deposition which resulted in plaintiff's decision to add a claim for "easement by necessity."[4] However, plaintiff offers no explanation why it allowed 63 days to pass before moving to

---

[3] An amendment is futile if it would not survive a motion to dismiss for failure to state a claim upon which relief could be granted. However, the court does not consider facts beyond those alleged in the complaint when ruling on a motion to dismiss for failure to state a claim.

[4] Mr. Liby is currently employed by defendants and has worked with the salt mining facility and/or railroad operation for 30 years. Plaintiff purchased the railroad in 2006 and has limited historical knowledge concerning the real estate.

-3-

amend on September 2, 2009.  Although this case presents a close question, the court will allow the amendment based on the strong federal policy of resolving matters on the merits rather than technicalities.  Discovery has not been completed and allowing the amendment is not unduly prejudicial to defendants.[5]

**IT IS THEREFORE ORDERED** that plaintiff's motion to amend its complaint **(Doc. 55)** is **GRANTED.**  Plaintiff shall file and serve its amended complaint by **November 27th, 2009.**

Dated at Wichita, Kansas this 18th day of November 2009.

S/ Karen M. Humphreys
_____
KAREN M. HUMPHREYS
United States Magistrate Judge

---

[5] The legal arguments raised in defendant's response brief suggest that defendants require little, if any, factual discovery to defend against this new theory.